

Your Name: **VICTOR O. DEMA Esq.**
Your Address: 505 South Roosevelt Road # K-7
Your City, State, Zip Code: Mesa AZ 85202
Representing Self, Without a Lawyer: **Propria persona**

*No phone*

# In The
# United States District Court
## District of Arizona Phoenix, Arizona

| | |
|---|---|
| VICTOR O. DEMA<br><br>Plaintiff;<br><br><br>vs.<br><br><br><br>ALLEGIANT AIR LLC.,<br><br>Defendant. | Case No. _____CV-14-00968-PHX-SRB_____<br><br># Jury Trial Demanded<br><br>**NOTICE OF CIVIL ACTION<br>AND COMPLAINT**<br><br>OF CIVIL RIGHTS VIOLATION OF<br><br>EMPLOYMENT DISCRIMINATION BASED ON AGE, RACE, COLOR, NATIONAL ORIGIN, ANCESTRY OR ETHIC CHARACTERISTICS, DISABILITY, RELIGION AND POLITICAL AFFILIATION IN VIOLATION OF TITLE 42 U.S.C.A. § 1981, TITLE VII AND EQUAL PROTECTION OF LAWS |

Comes Now, Pursuant to Rule 3 of Federal Rules of Civ. Proc., having complied with requirements of the United States Equal Employment Opportunity Commission in the state of Nevada through the filing of a complaint, and having received the Commission's "Notice of right to sue", Plaintiff herein, through and by the undersigned commences Civil Rights Action in the United States district court for the district of

Arizona in Phoenix, in the county of Maricopa against the defendant - an airline passenger carrier company, hereinafter referred to as Allegiant Air LLC., on theory of Respondeat superior, whose corporate headquarter is located in Las Vegas, state of Nevada, for intentional employment discrimination against above named Plaintiff on bases of Age, Race, Color, Creed, non-affective Partial Disability, Religion, Political Affiliation, African National Origin and "Ancestry or Ethic Characteristics" in violation of Title VII, Equal Protection of the Fourteenth Amendment, and Title 42 U.S.C.A. § 1981 of the Civil Right act of 1964, all occurring during the course of contract employment with defendant in the state of Nevada, from the brief period of on, or about October 05, 2010, through December 01, 2010.

## A-1.
## JURISDICTION

(a)   The United States district court has exclusive original jurisdiction to enforce rights given under Title 42 U.S.C.A. § 1981 providing that all persons within jurisdiction of the United States shall have same right in every state to benefit of all laws for security of persons as enjoyed by white citizens. See *United States ex rel. Washington v. Chester County Police Department*, E.D.Pa. 1969, 297 F.Supp. 1156.

(b)   Neither diversity of citizenship nor amount in controversy is prerequisite to federal district court jurisdiction of cause of action asserted under civil rights Act, 1981 et seq. of Title 42. See *Ortega v. Ragen*, C.A. Ill.1954, 216 F.2d 561, certiorari denied 75 S.Ct. 786, 349 U.S. 940, 99 L.Ed 1268.

## B-1.
## Identity of Plaintiff

Plaintiff, Victor O. Dema, born in the 1950's, is an African-American citizen of the United States of America having unalloyed ancestral African National origin and inherent member of the cognizable racial minority.

## Identity of Known Defendants' Key Players

Allegiant Airlines is a corporate entity respondeat superior whose interests leading to this action were represented by intentional acts of:

(1)   one Las Vegas aircraft maintenance station manager of the White majority race, who went by the name "Mark" – (last name unknown),

(2)   one Las Vegas station aircraft maintenance supervisor of the White majority race, by the name Frank – (last name unknown), and at least

(3)   one Las Vegas station senior company employee who also of the white majority race, by the name Kevin – (last name, Flanagan).

NATURE OF EMPLOYMENT WITH DEFENDANT ALLEGIANT AIR LLC.

### i.

STS Aero staff company located at Jensen Beach in Florida state, is an aviation staffing company who employs qualified aircraft mechanics for temporary short to long term contracts or on average situations, possibilities of contract to direct hire positions with airline companies and vast other aviation related establishments nationally and globally.

### ii.

On or about mid August of the year 2010, STS Aerospace notified Plaintiff in Arizona to go to work in the state of Nevada with option of temporary to contract to direct employment hire with Allegiant Air LLC.,

at its base in Las Vegas, depending on His ability to successfully obtain security and access badge for Las Vegas McCarran International Airport.

### iii.

On or about October 5, 2010, Plaintiff commenced work as an FAA licensed aircraft maintenance mechanic for/with Allegiant Air LLC at its maintenance base annexed in the Las Vegas McCarran International Airport.

### iv.

Within the customary and implied terms of the employment, Allegiant maintained complete employment control over Plaintiff's work programs such as work assignments; assigned Plaintiff with internal company employee number for identity discernment from other employees, and for use in aircraft parts orders, maintenance documentation, access to limited company computer use relative to interest of Allegiant Air LLC. Allegiant Air dictated work schedule hours, lunch hours, overtime hours, days on and days off, provided various in house training to Plaintiff on its maintenance policy and practices and Plaintiff reported to its management, or supervisory officers, or senior lead staff members.

### v.

Although Plaintiff provided His own basic and a few pneumatically or electrically powered hand tools to facilitate timely performance of assigned basic maintenance tasks, however, Allegiant Air LLC., provided Plaintiff as the customs are, with specialized tools for use on complex to heavy maintenance operations, calibrated tools for sensitive and crucial tasks, maintenance manuals generated from Allegiant's computers, publications, manufacturers' airworthiness directives, and maintenance log books in accordance with requirements of the FAA administrator or

equipment manufacturers, components or product manufacturers. Besides, Plaintiff did not provide His own parts or consumable materials to perform maintenance and repairs on Allegiant Air's aircrafts.

### vi.

All parts and materials from small hardware to complex components for use in maintenance and repair of the company aircrafts, from sheet metal to lubricants, cabin seats, spray paints, decals, placards, to replacement engines, cowlings, engine parts and components, from tire assemblies to brakes after inspections are provided to Plaintiff by Allegiant Air for installment on Allegiant Air's aircrafts.

### vii.

In addition on-the-job training (OJT), Plaintiff was required by Allegiant Air LLC., to attend any impromptu meetings with other permanent employees where various subject matters from internal aircraft related issues as pilot errors during take-off with photos taken of damage on the runway paths to cause of unexpected aircraft cabin smokes at some airport terminal to delays in the progress of acquiring newer, larger aircrafts agenda to proposals to relocate to newer maintenance facility at other location of the Las Vegas International Airport.

### viii.

Plaintiff utilized Allegiant Air maintenance building time clock to indicate the start and end of His shift for work compensation through STS Aero Staff. Allegiant Air neither supplied Plaintiff with work uniforms or shoes, neither did STS Aero Staff. However, Plaintiff was responsible to provide His own work clothing (with unspecified design or colors) and His work shoes commensurate with Aircraft maintenance labor industry.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

As memory of experience with Allegiant Air aircraft maintenance Las Vegas environment has faded considerably, additional information will be supplied in the near future in an amendment to the complaint. This action is taken in good faith to preserve right against the pending expiration of the statute of Limitation following letter dated February 07, 2014 of the "Right to sue" by the EEOC.

On or about November 10, 2010, at 8:00 a.m., Plaintiff had just delivered an aircraft to one of the Allegiant Air's terminal when two assigned flight crew quickly entered the aircraft's cockpit. As Plaintiff exited the aircraft and walking down the external Jetway stairs to the ramp area, one flight deck member called to Plaintiff's attention from top of the Jetway stairs to hand Him a small red case containing a pair of reading glass and inquired if Plaintiff had inadvertently left the case inside the flight deck. However, complying with Allegiant Air management's special instruction that Plaintiff was not to allowed Himself to be seen by (revenue) boarding or boarded passengers **working** inside or around an Allegiant Air's aircraft Plaintiff thoughtlessly presumed the pair of glasses belonged to some mechanic who worked on that particular aircraft the previous night and Plaintiff accepted the mislaid item from the crew member to place it in a safe and conspicuous location inside the maintenance office.

A few days later, a senior lead mechanics named Mike [last mane UNK], approached Plaintiff to accuse Him about removing a very expensive pair

6

of glasses and its red case from an aircraft some few days earlier. (This was the same person who sent me home on my second day of work on October 05, 2010 because "the word came down from 'higher-up' that" Plaintiff was seen on the previous day "working on an aircraft at the terminal in 'those pair of shorts'" and that he was instructed to send Plaintiff home and not allowed to wear pair of shorts to work again).

It appeared that every move Plaintiff made or every word that He said was known or heard by the 'higher-ups' and Plaintiff always tried to walk the straight lines so that no other employee could form negative opinions about Him and Plaintiff was overwhelmed with fear and panic of being officially accused of grand theft all the time that He could not attempt to remember where He in the world He placed the case containing the pair of glasses except that He explained that He thought to have brought it into the maintenance office.

Plaintiff was certain that He did not intend to deprive the owner of the "expensive" pair of glasses of its use. A couple days later, same Mike [LNU] approached again to inform Him that the pilot whom the pair of glasses belonged to has threatened to file grievance against Him with the corporate office and call for Plaintiff termination from employment.

Almost to the point of suffering a heart attack, Plaintiff sought the phone number of the pilot to have direct discussion with him about paying any amount to replace the pair of glasses. In addition, Plaintiff started to privately ask some moderate colleague about seeing a red case with pair of glasses. No one was able to have spotted the mislaid item.

Lastly, Plaintiff approached His job training lead mechanic named Chuck [last name UNK] about His fears as to the missing item. However, Mr. Chuck informed Plaintiff that He earlier found the red case with the glasses and placed it in lost and found department of Allegiant Air. Plaintiff immediately informed Mr. Mike [LNU] of the new finding concerning the pair of glasses. However, Mike made no further comment to Plaintiff about status of the accusation made about Plaintiff.

It is Plaintiff's personal experience that when surmised character damaging allegation in hostile work environments are levied against Him, whether right or wrong, they spread like wildfires and go further than just to the "higher-ups". They always lead to concerted efforts to have Him terminated from employments. Not long afterwards, He was unjustly terminated from Allegiant's employment for a reason that was not His own fault but of numerous others not of the similar racial identity as Him.

Finally, on or about November 23, 2011, I reapplied within Allegiant Air internal office for posted contract position in Mesa, Arizona located less than 15 miles from His home by faxing His resume to the proper department. However, early on the next day morning, Plaintiff was contacted by the contracting house STS Aero Staff that an E-mail was just received from Allegiant Air Inc., without reason, declined to consider Him for the Mesa position constituting act of retaliation against me for complaining to EEOC about employment discrimination.   TO BE AMENDED

RESPECTFULLY SUBMITTED (first filed) this 6th day of May, 2014.

Signed: _____
Victor O. Dema [Pro se Plaintiff]

# CERTIFICATE OF SERVICE

An original and one copy of the forgoing document titled "Notice Of Civil Action And Complaint" is filed with clerk of the United States district court in Phoenix, Arizona. A copy (subsequent to Amendment of Complaint) will be served upon the defendant Allegiant Air LLC., this 6th day of May, 2014.

Plaintiff's Information:

Victor O. Dema
505 South Roosevelt Road
Mesa, Arizona 85202


Defendant's Information:

Allegiant Air LLC.,
8360 South Durango Drive,
Las Vegas, Nevada 89113
U.S.A.


By: _____
[Signature of person(s) transmitting Document]