WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema,<br><br>    Plaintiff,<br><br>vs.<br><br>Allegiant Air, LLC,<br><br>    Defendant. | No. CV-14-00968-PHX-SPL<br><br>**ORDER** |

On June 23, 2014, the Court's Orders were returned by the United States Post Office with the notation "Return to Sender – Refused." (Doc. 6.) The Court thereby issued an Order (Doc. 7) directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Finding Plaintiff has failed to respond to the Court's Order, this action will be dismissed.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action due to a plaintiff's failure to prosecute or to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with any order of the court). Further, a district court may dismiss an action for failure to comply with a local rule. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Rule 83.3(d) of the Local Rules of Civil Procedure ("LRCiv"), Rules of Practice of the

U.S. District Court for the District of Arizona, requires that an "unrepresented party must file a notice of a name or address change… no later than fourteen (14) days before the effective date of the change."

Before dismissal for failure to prosecute or to comply with a local rule, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Under the instant circumstances, the first factor "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* The second factor also favors dismissal. *See Ferdik*, 963 F.2d at 1261. Plaintiff's failure to keep the Court informed of his address prevents this case from proceeding in the foreseeable future. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (noting that "resources continue to be consumed by a case sitting idly on the court's docket"). Plaintiff has not provided the Court with his current address, and the Court's mail has been returned. Under the third factor, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (internal quotation omitted). The fourth factor weighs against dismissal because public policy favors disposition of cases on their merits, *see Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), however, it is outweighed by the other factors. Lastly, while dismissal itself is a drastic sanction, *see Ferdik*, 963 F.2d at 1260, dismissal without prejudice is available and appropriate in this case. Absent

Plaintiff's current address, the alternatives are bound to be futile.

In sum, the five-factor analysis favors dismissal. Therefore, in light of Plaintiff's failure to prosecute this action and comply with LRCiv 83.3, requiring him to notify the Court of address changes, dismissal of this action is warranted. Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

Dated this 9th day of July, 2014.

Honorable Steven P. Logan
United States District Judge