WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema,<br><br>            Plaintiff,<br><br>vs.<br><br>Allegiant Air, LLC,<br><br>           Defendant. | No.  CV-14-00968-PHX-SPL<br><br>**ORDER** |

Having reviewed Plaintiff's Response to the Order to Show Cause (Doc. 10), the Court will vacate the July 9, 2014 Order (Doc. 9) dismissing this case for failure to prosecute. However, having reviewed this matter on reassignment, for the reasons that follow, Plaintiff's complaint will be dismissed with leave to amend.

**I.     Screening of *In Forma Pauperis* Complaint**

On May 6, 2014, Plaintiff filed a Complaint (Doc. 1) and Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2). In an Order dated June 12, 2014 (Doc. 4), Plaintiff's request to proceed *in forma pauperis* was granted, and he was directed to serve his complaint on Defendant.

**A.     Legal Standards**

With respect to *in forma pauperis* proceedings, the Court shall dismiss such action at any time if it determines that:

      (A) the allegation of poverty is untrue; or

      (B) the action or appeal –

> (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fnt. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an *in forma pauperis* complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief, a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

**B.     Plaintiff's Complaint**

Plaintiff sues Allegiant Air for violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff claims that he was employed as an aircraft maintenance mechanic for Allegiant Air, LLC. He alleges that in November of 2010, he was wrongfully accused of stealing "a very expensive pair of glasses and its red case from an aircraft."(Doc. 1 at 6-7.) "Not long afterwards, [h]e was unjustly terminated from Allegiant's employment for a reason that was not [h]is own fault but of numerous others not of the similar racial identity as [h]im." (Doc. 1 at 8.) Plaintiff further alleges that in February of 2011, he reapplied for a position with Allegiant Air, LLC. However, the following day, he received an e-mail indicating "without reason" that it "declined to consider [h]im for the Mesa position constituting [an] act of retaliation against [him] for complaining to [the] EEOC about employment discrimination. TO BE AMENDED." (*Id.*) Plaintiff states that he received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1 at 1.)

Although the Court construes Plaintiff's *pro se* complaint liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it nonetheless finds that it fails to satisfy the federal pleading requirements. First, Plaintiff generally claims that he was terminated based on his race in violation of Title VII of the Civil Rights Act of 1964. However, the complaint does not include facts sufficient to create a nexus between Plaintiff's race and his termination. Stated differently, Plaintiff has not presented any facts to show that he was terminated because of his race. *See* 42 U.S.C. § 2000e–2(a)(1); *Iqbal*, 556 U.S. at 679 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not show[n] - that the pleader is entitled to relief") (internal citations omitted). Rather, he suggests that he was terminated because he was falsely accused of theft. Plaintiff has not otherwise offered any allegation which shows that he was subject to an adverse employment action or a hostile work environment based on his race. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109–10 (9th Cir. 2000).

Second, Plaintiff alleges that he was retaliated against because he filed an EEOC complaint in violation of Title VII of the Civil Rights Act of 1964. Again, Plaintiff fails

to offer any allegations showing a nexus between the alleged retaliatory hiring decision and the filing of his EEOC complaint. "[M]ere conclusory statements" are not enough to show that he is entitled to relief. *Iqbal*, 556 U.S. at 678.

Lastly, Plaintiff cites that his claims are brought pursuant to 42 U.S.C. § 1981 and the Equal Protection Clause of the Fourteenth Amendment. However, he fails to explain exactly what actions Defendant is alleged to have taken that would amount to liability under those provisions. The complaint simply does not provide sufficient notice to Defendant how they allegedly violated Plaintiff's legal rights. *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Nor does the complaint state any demand for relief for the claims alleged.

Therefore, finding Plaintiff fails to state a claim for relief, his complaint will be dismissed.

## II. Leave to Amend

Plaintiff will be given one opportunity, if he so chooses, to amend his complaint. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure. For example, the amended complaint must set forth in a clear and simple manner the basis for federal court jurisdiction, state a cause of action that shows Plaintiff is entitled to relief, and provide a demand for relief.

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the instructions explained in this Order, the action will be dismissed pursuant to 28 U.S.C. § 1915(e), Rule 41(b) of the Federal Rules of Civil Procedure, or both. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1965) (affirming dismissal

without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised"). Accordingly,

**IT IS ORDERED:**

1. That the Court's Order dated July 9, 2014 (Doc. 9) is **vacated**;
2. That the Initial Discovery Protocols Standing Order (Doc. 5) issued on June 12, 2014 is **vacated**;
3. That the Complaint (Doc. 1) is **dismissed** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure;
4. That Plaintiff is granted leave to file an amended complaint in accordance with this Order no later than **July 31, 2014**;
5. That if Plaintiff elects to file an amended complaint, the amended complaint may not be served until and unless the Court screens it pursuant to 18 U.S.C. § 1915(e)(2); and
6. That if Plaintiff elects not to file an amended complaint by **July 31, 2014**, the Clerk of Court shall dismiss and terminate this action without further order of this Court.

Dated this 11th day of July, 2014.

Honorable Steven P. Logan
United States District Judge